IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-CV-101-KDB-DCK

| | |
|---|---|
| LOWE'S HOME CENTERS, LLC, ) | |
| ) | |
| Plaintiff, ) | **PROTECTIVE ORDER** |
| ) | |
| v. ) | |
| ) | |
| INDEMNITY INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Parties' "Joint Motion for Entry Of Protective Order" (Document No. 33) filed October 10, 2024. Having carefully considered the motion and the record, the undersigned will grant the motion.

Plaintiff Lowe's Home Centers, LLC and Defendant Indemnity Insurance Company of North America (together, the "Parties") anticipate that documents and information containing or reflecting trade secret, privileged, or other confidential information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

**IT IS, THEREFORE, ORDERED** pursuant to Fed.R.Civ.P. 26(c), that the Joint Motion for Entry Of Protective Order" (Document No. 33) is **GRANTED** and the Parties' proposed Protective Order is adopted as follows.

**Definitions**

1. "Litigation" means the action captioned Lowe's Home Centers, LLC v. Indemnity Insurance Company of North America, Case No. 5:24-CV-101-KDB-DCK, in the United States District Court for the Western District of North Carolina.

2. "Lowe's" means Lowe's Home Centers, LLC.

3. "IICNA" means Indemnity Insurance Company of North America.

4. "Parties" means collectively, Lowe's and IICNA. Each of Lowe's and IICNA is a "Party" for purposes of this Protective Order.

5. "Discovery Request" means the use by a Party of any method provided for in the Federal Rules of Civil Procedure for making a formal request for information from another Party or third-party in connection with the Litigation, and includes (a) any formal document request, (b) any formal interrogatory, (c) any formal request for admission, (d) any subpoena or subpoena duces tecum, (e) any notice of deposition, and (f) any question asked during a deposition.

6. "Discovery Response" means all information (including documents and testimony) produced in response to any Discovery Request made in the Litigation, and includes Documents produced, objections asserted (including any associated privilege log), or answers or responses provided to any Discovery Request.

7. "Document" or "Documents" includes all handwritten, typed, printed, or recorded matter (however produced or reproduced or stored); correspondence; letters; e-mail; any other form of communication (agreed to by the Parties); drawings; schedules, plans, graphs; charts; photographs; videos; memoranda; facsimiles; records; summaries of personal conversations or interviews; books; statements; transcripts; court records or filings; logs; legal pleadings and papers; summaries or records of telephone conversations; diaries; journals; statistical statements; account records; bank records; bank statements; credit card statements or records; invoices; receipts; agendas; minutes or records of meetings or conferences; consultant reports; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; press releases; notes; lists; notices; surveys; advertising; all other sound recordings (agreed to by the Parties), however produced or reproduced; files; tests; results; plans; protocols; standards; calendars; logs; manuals; contracts; e valuations; and all data compilations from which information

can be obtained. This definition is intended to be and should be construed to be at least as broad as the description of "document" appearing in Fed.R.Civ.P. 34(a). "Document" and "Documents" include all non- identical drafts and copies of the same document and all information stored in electronic format including, for example, on or in online data storage, databases, networks, computer systems, servers, laptops, and personal computers.

8. "Privileged Information" means information, Discovery Responses, and Documents protected by the attorney-client privilege, the work-product doctrine or protection, or any other applicable privilege, protection, or immunity from discovery that otherwise would apply in this or any other action, arbitration, mediation, or court or agency proceeding.

9. "Protected Material" means information, Discovery Responses, and Documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in this Litigation.

### Designation of Materials as "Confidential"

10. Any Party may designate as "CONFIDENTIAL" any information, Discovery Response, Documents, or any portions thereof, that it or a non-party discloses, produces, transcripts, or files in this Litigation, and that the designating Party believes in good faith contains confidential personal, trade secret, and/or commercial information, as those terms are defined under applicable law, not generally available in the public domain. Such designation shall be made (1) if practicable, by typing or stamping on the face of such information, Discovery Responses, or Documents the words "CONFIDENTIAL – Subject to Protective Order in "Lowe's v. IICNA" or (2) by otherwise designating information, Discovery Responses, or Documents as "CONFIDENTIAL" prior to the production of the information, Discovery Responses, or Documents in a manner that clearly advises that the information, Discovery Responses, or Documents are to be treated as "CONFIDENTIAL." In the case of information or documents produced by a non-party, the designation may be made by requesting that the non-party's

information or Documents be stamped or otherwise identified as "CONFIDENTIAL – Subject to Protective Order in Lowe's v. IICNA, per Designation of [Designating Party]," in accordance with this Order.

11. Any Party may designate a deposition, or any part thereof, as "CONFIDENTIAL." Such designation shall be made either: (1) at the taking of the deposition by a statement in the record by the designating Party, or (2) within fourteen (14) days thereafter, by providing written notice in accordance with this Order.

12. In the event a Party does not designate as "CONFIDENTIAL" any information, Discovery Responses, Documents, or portions thereof at the time such information, Discovery Responses, Documents, or portion(s) thereof are disclosed, produced, or transcribed, such Party has not waived its right to later designate said information, Discovery Responses, Documents, or portions thereof as "CONFIDENTIAL," provided the Party notifies the other Parties in writing that such information, Discovery Responses, Documents, or portions thereof should have been designated as "CONFIDENTIAL" and undertakes to provide the other Parties with the information, Discovery Responses, Documents, or portions thereof that are being so designated in accordance with this Order.

13. Any Documents or information produced by, or testimony given at a deposition by, a non-party will be treated as confidential by all Parties for a period of fourteen (14) days following the production of said Documents or information or following the deposition. Thereafter, such Documents, information, and testimony shall not be considered confidential unless so designated by a Party in accordance with this Order to extend the fourteen (14) day period.

14. A Party does not waive its right to challenge a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation by electing not to challenge it during the 14-day period or after the original designation is disclosed.

## Challenging "CONFIDENTIAL" Designation

15. Any challenge to a Party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation must be preceded by a conference call between counsel for the challenging Party and counsel for the Party that made the designation, unless counsel for the designating Party unreasonably delays the call from occurring, during which counsel for the respective Parties shall attempt, in good faith, to resolve the designation issue(s).

16. If, after a good faith effort to resolve a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation issue, the challenging Party elects to proceed with a challenge to the designation, the challenging Party must, within twenty-one (21) days of the telephone conference with the designating Party, serve in accordance with the federal and local rules a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Until this Court rules on the motion, the Parties shall continue to treat the material as though it was properly designated. With respect to any material that ceases to be protected under this Protective Order, the designating party shall provide to each Party that so requests copies of the previously protected material from which all confidentiality legends previously affixed have been removed.

17. "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, Discovery Responses, or Documents shall not include those portions of the information, Discovery Responses, or Documents that: (i) are or become generally available to the public other than as a result of disclosure by a receiving Party; (ii) become available to a Party through disclosure outside the Litigation; or (iii) were in the possession of a Party prior to disclosure in the Litigation.

18. This Protective Order is not intended to govern the use of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, Discovery Responses, Documents, or testimony at any trial in the Litigation. Issues relating to the use of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, Discovery Responses, Documents, and testimony at trial will be

resolved prior to the commencement of any trial.

**Filing and Service of Documents**

19. To the extent a Party seeks to file with the Court any document constituting, comprising, referencing, excerpting, or attaching any Protected Material, that Party shall first request leave of court to file the Protected Material "under seal" in accordance with Local Rule 6.1. If leave is granted, all Protected Material contained, referred to, excerpted in, or attached to the document to be filed with the Court shall be filed in a sealed envelope prominently marked "CONFIDENTIAL – Disclosure Permitted Only Pursuant to Court Order" and shall be kept under seal by the Clerk until further order of this Court. The Party filing the document shall be responsible for complying with the provisions of this paragraph and Local Rule 6.1. If the Court does not grant leave to file the Protected Material under seal, the Parties shall promptly meet and confer to address how to best preserve the confidential status of the Protected Material. To comply with a court-imposed deadline for filing a substantive motion, a Party may file a redacted version of its substantive motion and exhibits during the meet and confer process and may file a supplemental or unredacted motion and exhibits after the conclusion of the meet and confer process in accordance with the resolution agreed to during the meet and confer process. If the Parties cannot resolve how to preserve the confidential status of the designated information and/or Document during the meet and confer process, the filing Party shall submit the matter to the Court for resolution of the confidentiality issue and/or to permit consideration by the Court through *in camera* review of the Protected Material sought to be filed.

**Confidentiality of Information Shared Among the Parties**

20. All Protected Material shall be used solely for the purposes of the Litigation, including any mediation, arbitration, or alternative dispute resolution process connected with the Litigation, and in accordance with this Order. Except as authorized by: (a) the provisions of this

Order; (b) written permission of the Party that provided the designated Protected Material; or (c) order of this Court, no Protected Material may be used for any other purpose or outside the permitted scope of use according to its level of protection. However, this paragraph does not preclude use of any information or Documents possessed or obtained by any Party outside of this Litigation merely because the information or Document has been produced in this Litigation and has been marked "CONFIDENTIAL."

21. Subject to the terms, conditions, and restrictions on this Order, "CONFIDENTIAL" information, Discovery Responses, Documents, or testimony provided in the Litigation and not designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

   (a) The Parties and their respective counsel, including the members, partners, associates, and paralegal and clerical staff of the law firms of said counsel;

   (b) Any officer(s), employee(s), agent(s), claim manager(s), claim consultant(s), auditor(s), or representative(s), parent(s) or affiliated company(ies) of the Parties;

   (c) Reinsurers, retrocessionaires, insurers, indemnitors, and accountants of the Parties;

   (d) This Court and any persons employed or appointed by this Court whose duties require access to any information in connection with the Litigation;

   (e) Any governmental or regulatory body as required by law;

   (f) Any mediator, arbitrator, or provider of alternative dispute resolution services retained by the Parties in connection with the Litigation;

   (g) Experts, consultants, and private investigators retained, specially employed, or informally consulted by counsel concerning the subject matter of the Litigation and their secretarial, clerical, or other employees who are assigned to assist in the subject matter of the Litigation or for purposes of the retention, employment, or consultation pertaining to the Litigation;

   (h) Court reporters and other persons involved in recording deposition testimony in the Litigation; and

   (i) Employees of litigation support vendors utilized with respect to the Litigation.

22. Subject to the terms, conditions, and restrictions of this Protective Order,

information, Discovery Responses, Documents, or testimony provided in the Litigation and designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons, but subject to an express direction, in the case of those identified in (a)-(d) below, and an express request in the case of those identified in (e) and (f) below, that none of the information learned from review of the material designated as "ATTORNEYS' EYES ONLY" is to be disclosed to others not entitled by this Protective Order to access the material:

    (a)    This Court and any persons employed or appointed by this Court whose duties require access to any information in connection with the Litigation;

    (b)    Outside counsel for any Party to this Action, including all secretaries, paralegals, and clerical personnel employed by that outside counsel and all independent photocopying, document handling, or ESI vendors hired by a Party or outside counsel;

    (c)    Experts, consultants, and private investigators retained, specially employed, or informally consulted by counsel concerning the subject matter of the Litigation and their secretarial, clerical, or other employees who are assigned to assist in the subject matter of the Litigation or for purposes of the retention, employment, or consultation pertaining to the Litigation;

    (d)    Court reporters and other persons involved in recording deposition testimony in the Litigation; and

    (e)    Persons or entities, other than the Parties and their employees, agents, and servants not referenced in (a)-(d) above, noticed for depositions and their counsel for the purposes of examination or to the extent reasonably and in good faith deemed necessary by counsel to prepare such deponents or witnesses to testify, provided that the Protected Material to be disclosed to such person appears on its face or from other documents to have been generated or received by that witness or communicated to that witness, in whole or in part; and

    (f)    Any other person or entity agreed to by the Parties.

23.    Prior to any disclosure of Protected Material to any person referred to in subparagraphs 21(g) or 22(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that the person has read the Order and agrees to be bound by its terms.

24.    Upon final termination of this Litigation, including the exhaustion of all appeals,

counsel for each Party must elect one of the following at its sole discretion: (i) return all Protected Material to the party that produced the information, including any copies, excerpts, and summaries of that information; (ii) destroy the Protected Material and purge all such information from all machine-readable media on which it resides; or (iii) continue to retain the same Protected Material pursuant to and bound by the terms of this Order. Notwithstanding the foregoing, to the extent that a Party, its counsel, experts, and/or consultants need to retain Protected Material for legitimate, ordinary course of business reasons, it may do so, but the Protected Material shall remain subject to this Order.

### **Privileged Information and Inadvertent Production of Privileged Information**

25. If a Party discloses information in connection with the Litigation that the Party thereafter claims to be Privileged Information, the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection of any kind that the producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

26. Upon discovery of the inadvertent production of Privileged Information, the producing Party must promptly notify the receiving Party in writing that it has disclosed the Privileged Information without intending a waiver by the disclosure. The notification shall explain why the Privileged Information is covered by the attorney-client privilege and/or any other applicable privilege and/or constitutes work-product. Upon such notification, the receiving Party must—unless it contests the claim of attorney-client privilege or other privilege or protection in accordance with this Order—promptly notify the producing Party that it will take reasonable efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has.

27. If the receiving Party contests the claim of attorney-client privilege or other privilege or protection, the receiving Party must—within 30 days of receipt of the notification from the producing Party—move the Court for an Order finding that the material referenced in the notification does not constitute Privileged Information.  The Party shall request to file this Motion under seal.  Pending resolution of the Motion, the receiving Party must not use the challenged information in any way or disclose it to any person other than those required to be served with a copy of the sealed Motion.

28. A receiving Party is under a good-faith obligation to notify the producing Party upon identification of a document that reasonably appears on its face or in light of facts known to the receiving Party to be potentially privileged.  Such notification shall not waive the receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  Failure by the receiving Party to notify the producing Party under this subsection where the receiving Party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order.

29. The Parties may stipulate to extend the time periods set forth in this Order without further approval of the Court.

30. The producing Party retains the burden—upon challenge pursuant to this Order—of establishing the privileged or protected nature of the Privileged Information.

31. Nothing in this Protective Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

32. The Parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged Information.  Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), such production shall not

constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.

## **General Provisions**

33. Nothing in this Protective Order restricts a Party's use of its own information or Documents produced as or in a Discovery Response. Nor shall this Protective Order bar counsel from rendering advice to his or her client with respect to the Litigation and, in the course thereof, referring to, relying on, or disclosing to any entity any information or Documents produced as a Discovery Response, subject to the terms hereof.

34. This Protective Order may not be deemed a waiver by any Party of its rights to object to any Discovery Request on any of the grounds provided for by the Federal Rules of Civil Procedure or substantive law, including on grounds of confidentiality, or otherwise.

35. Any Party may apply for modification of this Protective Order upon reasonable notice to all other Parties and after counsel for the Party seeking modification has contacted counsel for all other Parties to attempt to resolve the issue through informal negotiation.

36. Absent a written agreement between or among all the Parties that have produced Protected Material in the Litigation or further order of this Court, this Protective Order shall survive the final disposition of the Litigation and will continue to be binding on all Parties.

37. In the event any individual or entity subject to the provisions of this Protective Order shall violate or threaten to violate any provision of this Protective Order, any aggrieved Party or non-party that produced or designated the Protected Material at issue may immediately apply to this Court to obtain injunctive relief and, in the event the aggrieved person shall do so, the respondent person subject to the provisions of this Protective Order shall not assert as a defense the claim that the aggrieved person possesses an adequate remedy at law.

38. In the event any person or entity not authorized by this Protective Order to receive Protected Material seeks disclosure of Protected Material from a Party through lawful subpoena, demand by governmental authority, or other legal process, the Party receiving that subpoena, demand, or legal process shall, within a reasonable time, notify by (i) e-mail and (ii) overnight mail or hand delivery the Party that produced or designated the Protected Material as to which disclosure is sought. Provided that notice is properly sent to a Party that produced or designated the Protected Material, it will be that Party's responsibility to object to or contest the subpoena, demand, or legal process. The Party receiving the subpoena shall not produce the Protected Material until the Party that produced or designated the Protected Material has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Party that produced or designated the protected material to obtain relief from the subpoena or order prior to the due date for compliance. To give the Party that produced or designated the Protected Material an opportunity to obtain such relief, the Party from whom such Protected Material is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order, unless the Party that produced or designated the Protected Material waives compliance with this Protective Order prior to the due date.

39. The Parties' stipulation regarding Privilege Logging is set forth in Rider A hereto.

40. Any communications in connection with or required by this Protective Order shall be made to counsel of record for the Party.

41. This Court retains jurisdiction over all Parties and their counsel in the Litigation for purposes of contempt proceedings or any other proceedings arising from any violation of this Protective Order.

**SO ORDERED**.

Signed: October 10, 2024

David C. Keesler
United States Magistrate Judge

**SO STIPULATED AND AGREED**.

Dated: October 8, 2024

/s/ Dominic I. Rupprecht
R. Steven DeGeorge
N.C. State Bar No. 20723
sdegeorge@robinsonbradshaw.com

ROBINSON BRADSHAW & HINSON, PA
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
(704) 377-8380

Amber S. Finch (admitted *pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA, 90071
(213) 457-8000
afinch@reedsmith.com

Dominic I. Rupprecht (admitted *pro hac vice*) REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
drupprecht@reedsmith.com

Elizabeth L. Taylor (admitted *pro hac vice*)
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
etaylor@reedsmith.com

*Counsel for Plaintiff Lowe's Home Centers, LLC*

BARNWELL WHALEY PATTERSON & HELMS, PLLC

/s/ *Margaret M. Harrington*
Christopher M. Hinnant
N.C. State Bar No. 24297
chinnant@banwell-whaley.com
Margaret M. Harrington
N.C. State Bar No. 59933
mahrrington@barnwell-whaley.com
720 N. 3rd Street, Suite 301
Wilmington, NC 28401
Telephone: (910) 679-1388
Facsimile: (910) 679-4663

-and-

NORTON ROSE FULBRIGHT US, LLP

/s/ *Chad Schreiber*
Chad Schreiber
Texas Bar No. 24085732
(*Admitted pro hac vice*)
chad.schreiber@nortonrosefulbright.com
Manuel Mungia
(*Admitted pro hac vice*)
Texas Bar No. 24060310
manuel.mungia@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

*Counsel for Defendant Indemnity Insurance Company of North America*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:24-CV-101-KDB-DCK

| | |
|---|---|
| LOWE'S HOME CENTERS, LLC, )<br>)<br>    **Plaintiff,**    )<br>)<br>    **v.**    )<br>)<br>**INDEMNITY INSURANCE COMPANY**<br>**OF NORTH AMERICA,**    )<br>)<br>    **Defendant.**    )<br>) | **ORDER** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Protected Material that have been designated as "CONFIDENTIAL." I agree that I will not disclose such Protected Material to anyone other than for purposes of this Litigation and that at the conclusion of this Litigation I will delete all Protected Material or return it to the Party or counsel from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                                           _____

# RIDER A – PRIVILEGE LOGGING

1. The below Privilege Logging provisions are intended to promote just, speedy, and inexpensive determination of this action, pursuant to Federal Rule of Civil Procedure 1.

2. Except as provided herein, a Party that fully withholds any other ESI or documents on the grounds of attorney-client privilege, work product protection, and/or any other applicable privilege or protection shall provide a listing of each document or document family in a native Excel (.xls) spreadsheet format providing the information extracted from the following objective metadata fields: document control number range, document date, author(s), recipient(s) (including all addresses, ccs, and bccs), and file type. For email chains, Parties need only provide identifying information with respect to the top-most email in the chain. Parties shall also indicate for each entry on the list, the nature of the privilege and/or protection being asserted (*i.e.* attorney-client privilege or work product protection). For purposes of this paragraph, "objective metadata" does not include substantive content from, or a subjective description of, the documents or ESI being withheld.

3. Requests for Additional Information: Each side in the Litigation can select up to 5% of the listings identified on the opposing sides' privilege spreadsheets and request that the withholding party provide additional information about those listings, unless the log by the producing party contain less than fifty documents, in which case additional information may be requested regarding all documents. The additional information is limited to the following: subject matter metadata field (to the extent it exists) of those documents (which shall be limited to avoid revealing any privileged information); a more detailed breakdown of the document structure covered by a group listing (whether a chain of emails, a document with attachments, or another categorization of documents covered by a single privilege log entry); the identity and affiliation of any persons sending, receiving or otherwise seeing the documents or ESI; whether a person

15

identified in the entry is an attorney and for whom; and any other information necessary to support the withholding Party's claim of privilege or other protection.

4. Challenging Asserted Privilege or Protection Over Withheld ESI or Documents: In the event that a dispute over privilege list issues or the assertion of privilege or protection over withheld or redacted ESI or documents arises that cannot be resolved amicably by the Parties meeting and conferring in good faith, any Party may seek the assistance of the Court to resolve the issues.