IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00101-KDB-DCK

| | |
|---|---|
| LOWE'S HOME CENTERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Lowe's Home Centers, LLC ("Lowe's" or "Plaintiff") Motion to Dismiss Defendant Indemnity Insurance Company of North America ("Chubbs") Counterclaim for Breach of Contract (the "Motion") (Doc. No. 21); the Memorandum and Recommendations ("M&R") of the Honorable United States Magistrate Judge David Keesler to deny the Motion (Doc. No. 40); and Plaintiff's Objection to the M&R (Doc. No. 41). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **DENY** the motion.

### I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "in the absence of a timely filed

1

objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTS AND PROCEDURAL HISTORY

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R and will only briefly summarize them here. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised). This dispute involves Plaintiff's auto liability insurance, which is comprised of a tower of insurers, with each insurer issuing primary, umbrella, or excess layer insurance policies, up to stated limits. Doc. No 1 at ¶ 9. Chubbs issued an umbrella policy to Plaintiff called the "Great American Policy" (the "Policy") that included automobile liability coverage. Doc. No. 1 at ¶¶ 12-13. When Plaintiff was sued for wrongful death stemming from an automobile accident involving one of its tractor-trailers, Plaintiff shared reports of several settlement negotiations with the issuers of its tower of insurance policies. Doc. No. 1 at ¶ 35. Early settlement negotiations had led Plaintiff to believe that any settlement would be below an amount that would trigger coverage by Defendant. Doc. No. 1 at ¶¶ 21, 34. However, later negotiations were for substantially higher amounts than initially anticipated, to a level that would trigger a payout under the Policy. *Id.* After receiving an April 2024 settlement

2

Case 5:24-cv-00101-KDB-DCK     Document 43     Filed 03/27/25     Page 2 of 5

proposal that Plaintiff believed to be reasonable, Plaintiff demanded that the insurers accept it. Doc. No. 1 at ¶¶ 36-37. The various insurers, both above and below Defendant in the insurance policy tower whose limits were implicated by the proposal, agreed to fund it. Doc. No. 1 at ¶ 41.

Defendant, however, refused to consent, and Plaintiff, fearing a costly litigation, paid Defendant's "share" of the settlement cost. Doc. No. 1 at ¶ 44. As a result, Plaintiff filed the current Complaint, alleging state law claims of breach of contract for failure to indemnify, refusal to settle a valid claim in bad faith, and unfair claims settlement practices in violation of North Carolina's Unfair and Deceptive Trade Practices Act. *See* Doc. No. 1. In its Answer, Defendant asserted counterclaims seeking declaratory judgment for Plaintiff's failure to comply with two provisions in the Policy; and for breach of the Policy, alleging damages in the amount it will spend in attorneys' fees to defend itself in the matter. Doc. No. 17 at ¶¶ 36-45. In response, Plaintiff filed a Motion to Dismiss, alleging that Defendant (1) cannot assert an affirmative defense (Plaintiff's alleged violation of the "cooperation clause") as a counterclaim, and that (2) attorneys' fees are not recoverable as damages under North Carolina law. Doc. No. 22 at 6-9. In the M&R, the Magistrate Judge recommended denying Plaintiff's motion. Doc. No. 40. Plaintiff timely filed its Objection to the M&R (Doc. No. 41) and the matter is now ripe for this Court's review.

### III. DISCUSSION

To survive a motion to dismiss at this early stage in the litigation, Defendant need only plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic

3

recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted).

The M&R notes that the question before the Court is simply whether Defendant has alleged any facts in its breach of contract counterclaim that support a plausible claim to relief. *See* Doc. No. 40 at 9. The Court finds, as did the M&R, that Defendant has alleged sufficient facts for its counterclaim to proceed. Under well-settled North Carolina law, a breach of contract occurs when there is both the "(1) existence of a valid contract and (2) breach of the terms of that contract." *Harper v. Vohra Wound Physicians of NY, PLLC,* 270 N.C. App. 396, 400 (2020) (quoting *Montessori Children's House of Durham v. Blizzard*, 244 N.C. App. 633, 636 (2016)). Neither party disputes the existence of the Policy contract nor that Plaintiff agreed to settlement terms without Defendant's consent. Therefore, Defendant has plausibly alleged that Plaintiff breached the Policy by failing to comply with its material terms[1] when it accepted a settlement offer to which Defendant did not consent. Doc. No. 17 at ¶ 8, 20-28. Thus, the Court will adopt the M&R and deny Plaintiff's Motion.

---

[1] Specifically, Defendant asserts that Plaintiff failed to comply with the terms in the "Duties in The Event of an "Occurrence," "Claim" or "Suit"" section (the "cooperation clause") which directs Plaintiff that "no "insured" will voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent, except at their own cost," as well as other terms. Doc. No. 17 at 8, 20-28.

## IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The M&R (Doc. No. 40) is **ADOPTED**;

2. Plaintiff's Motion to Dismiss (Doc. No. 21) is **DENIED**; and

3. This case shall **proceed towards a trial on the merits** in the absence of a voluntary resolution of the dispute between the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 27, 2025

Kenneth D. Bell
United States District Judge